UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAMAR TYRESE DAVIS, 418572,

    Petitioner,                                            Civil Action No. 2:17-CV-13361

v.                                                          HON. BERNARD A. FRIEDMAN

SHANE JACKSON,

    Respondent,
_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

This matter is before the Court on petitioner Lamar Tyrese Davis's pro se petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 [docket entry 1]. Respondent has responded and petitioner has replied. Petitioner challenges his convictions for involuntary manslaughter, Mich. Comp. Laws § 750.321; felon in possession of a firearm, Mich. Comp. Laws § 750.224f; and possession of a firearm in the commission of a felony ("felony-firearm"), Mich. Comp. Laws § 750.227b.

**I. Background**

A Wayne County Circuit Court jury found petitioner guilty as charged of the firearms offenses and guilty of the lesser-included offense of involuntary manslaughter. The Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1).

> This case arises from a shooting that occurred at defendant's apartment on April 27, 2013. The prosecution presented evidence at trial to establish that defendant left a loaded handgun with his friend, victim Dennis Snyder, to run an errand, while several individuals

1

remained at the apartment smoking marijuana and drinking alcohol. Ray Robinson, who was at the apartment, testified that when defendant returned to the apartment, Snyder gave the 9‑millimeter handgun back to defendant. According to Robinson, at his request defendant removed the clip from the gun and pulled the slide back, causing a bullet to fly out of the chamber. Defendant then placed the gun and clip separately on the living room coffee table. Defendant, Snyder, Robinson, and another person proceeded to smoke marijuana in the living room. Later that evening, Robinson heard the sound of a gun "collapsing"—which he identified as the sound a gun makes when it is being loaded—and he ducked his head down. He then heard a gunshot behind his seat on the living room couch before witnessing a bullet fly out of the wall above him and into Snyder's chest. Robinson testified that Snyder was standing in the living room, pacing, at the time he was shot. Snyder was killed almost instantly. Robinson testified that, as he heard the shot, he noticed that the gun and clip had been removed from the table and defendant was no longer in the room. After the shot, defendant re-entered the room with the gun in his hand.

At a police interview, defendant simply claimed to have taken the gun from Snyder and carried it to the bedroom, where he tripped over a shoe and the gun accidentally discharged. The bullet went through the bedroom door, the bedroom wall, and out the living room wall before connecting with Snyder. Anthony Delgreco, a detective for the Inkster Police Department at the time of the incident, testified that the bullet hole in the door was 5'5" above the floor, as was the hole in the wall. Defendant never denied firing the fatal shot, but claimed that the shooting was accidental.

*People v. Davis*, No. 321481, 2015 WL 5568380, at * 1 (Mich. Ct. App. Sept. 22, 2015) (footnotes returned to the text). Petitioner's conviction was affirmed on appeal. *Id.*, *lv. den.* 499 Mich. 883 (2016).

Petitioner filed a post-conviction motion for relief from judgment, which was denied. *People v. Davis,* No. 13-004358-01-FC (Wayne Cty. Cir. Ct. Apr. 19, 2016) ("April 2016 order"); *recons. den.* No. 13-004358-01-FC (Wayne Cty. Cir. Ct. May 16, 2016). Petitioner was denied leave to appeal. *People v. Davis,* No. 333277 (Mich. Ct. App. Sept. 21, 2016), *lv. den.* 500 Mich. 982 (2017). Petitioner now seeks a writ of habeas corpus on the following two grounds:

2

I. This court should grant relief where the trial court ruled that trial counsel was not ineffective for failing to request a jury instruction on reckless use of a firearm because it still "may be" and is a lesser included offense of second degree murder and involuntary manslaughter.

II. The state court lacked jurisdiction over Davis because of defects in the initial charging documents, which were filed and submitted in bad faith and with unclean hands, and which were either "falsely sworn to" or "abandoned with impunity."

## II. Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A state-court decision is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410–11. "[A]

3

state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). To obtain habeas relief, a petitioner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement" *Id.* at 103. So long as it is within the "realm of possibility" that fairminded jurists could find the state court decision reasonable, the Court must deny relief. *Woods v. Etherton,* 136 S. Ct. 1149, 1152 (2016).

### III. Discussion

**A. <u>Procedural Default</u>**

Respondent contends that petitioner's claims are procedurally defaulted. It argues that the first claim is procedurally defaulted because petitioner raised it for the first time on post-conviction review and failed to show cause and prejudice, as is required by M.C.R. 6.508(D)(3), for not raising it on his appeal of right. Respondent argues that the second claim is unexhausted because petitioner never raised this claim in the state courts on either his appeal of right or on post-conviction review and, thus, is prevented by M.C.R. 6.502(G) from raising this claim in a second post-conviction motion.

Procedural default is not a jurisdictional bar to reviewing a habeas petition on the merits. *Trest v. Cain*, 522 U.S. 87, 89 (1997). The Court is "not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F. 3d 212, 215 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)). "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law."

4

*Lambrix*, 520 U.S. at 525. Because petitioner's two claims are meritless, the Court will not address the question of procedural default.

### B. Claim I—Ineffective Assistance of Counsel

Petitioner claims that his trial counsel was ineffective for failing to request a jury instruction on the lesser included offense of careless, reckless, or negligent use of a firearm. The court rejected this claim on post-conviction review, because that offense was not a necessarily lesser included offense of second-degree murder. Therefore, it said, trial counsel was not ineffective for failing to raise the issue. *See* April 2016 order, at *2.[1]

Under Michigan law, a defendant is entitled to an instruction on necessarily included lesser offenses, but not cognate lesser offenses. *People v. Reese*, 466 Mich. 440, 446 (2002) (citing Mich. Comp. Laws § 768.32(1)). Reckless discharge of a firearm is not a necessarily lesser included offense of second-degree murder, but is instead only a cognate lesser offense. *People v. Tietz*, No. 309767, 2013 WL 3107325, at *2 (Mich. Ct. App. June 20, 2013); *People v. McIntosh*, No. 263394, 2007 WL 189164, at * 2 (Mich. Ct. App. Jan. 25, 2007). State courts are the final arbiters of state law. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005).

Here, the state court's post-conviction review noted that petitioner was not entitled to an instruction on the careless, reckless, or negligent use of a firearm because it is only a cognate lesser offense of second-degree murder. Thus, it determined, trial counsel was not ineffective for failing to request such an instruction. The Court agrees. Because the Court "cannot logically grant the writ based on ineffective assistance of counsel without determining that the state court erred in

---

[1] Though the state court defaulted the claim under 6.508(D)(3), it also denied the claim on the merits, thus, § 2254(d)'s deferential standard of review applies to that opinion. *Moritz v. Lafler*, 525 F. App'x. 277, 284 (6th Cir. 2013).

its interpretation of its own law," it must deny this claim. *Davis v. Straub*, 430 F.3d 281, 291 (6th Cir. 2005).

### C. Claim 2—Jurisdiction

Petitioner claims that the trial court lacked jurisdiction to try him because of problems with the arrest warrant and other charging documents.

Petitioner's claim initially fails because his allegations that the arrest warrant and other charging documents were obtained in bad faith and falsely sworn to are utterly unsupported. Conclusory, naked allegations cannot alone support habeas relief. *See, e.g.*, *Washington v. Renico,* 455 F. 3d 722, 733 (6th Cir. 2006) (bald assertions and conclusory allegations do not provide sufficient ground to warrant requiring an evidentiary hearing in a habeas proceeding).

More importantly, determining state-court jurisdiction over a criminal case is a function of state courts, not federal courts. *Wills v. Egeler*, 532 F. 2d 1058, 1059 (6th Cir. 1976); *Daniel v. McQuiggin,* 678 F.Supp. 2d 547, 553 (E.D. Mich. 2009). The Sixth Circuit has noted that "[a] state court's interpretation of state jurisdictional issues conclusively establishes jurisdiction for purposes of federal habeas review." *Strunk v. Martin*, 27 F. App'x. 473, 475 (6th Cir. 2001). Petitioner's claim that the trial court lacked jurisdiction to try his case raises an issue of state law and is therefore not cognizable in federal habeas review. *See Toler v. McGinnis,* 23 F. App'x. 259, 266 (6th Cir. 2001) (court lacked authority on habeas review to review petitioner's jurisdiction claim because it involved interpreting only state law).

Further, "[a]n illegal arrest, without more, has never been viewed as a bar to subsequent prosecution, nor as a defense to a valid conviction." *United States v. Crews*, 445 U.S. 463, 474 (1980). Although the exclusionary rule prohibits the admission of evidence obtained in violation of the Constitution, a defendant himself is not "a suppressible 'fruit,' and the illegality

6

of his detention cannot deprive the Government of the opportunity to prove his guilt through the introduction of evidence wholly untainted by the police misconduct." *Id.* at 474. Petitioner does not identify any evidence other than himself that was seized during this allegedly unlawful arrest. Thus, the mere fact that petitioner may have been arrested without probable cause would not prevent him from being prosecuted and convicted.

To the extent that petitioner alleges that his trial counsel was ineffective for failing to challenge the legality of the arrest warrant or criminal complaint, he is not entitled to relief. Failing to file a frivolous motion to dismiss does not constitute ineffective assistance of counsel. *Goldsby v. U.S.*, 152 F. App'x. 431, 438 (6th Cir. 2005). Petitioner is not entitled to relief on his second claim.

As petitioner's claims are meritless,

IT IS ORDERED that the petition for a writ of habeas corpus is denied.

IT IS FURTHER ORDERED that a certificate of appealability is denied because petitioner has failed to make a substantial showing of the denial of a federal constitutional right, 28 U.S.C. § 2253(c)(2), and leave to appeal *in forma pauperis* is denied because the appeal would be frivolous, 28 U.S.C. § 1915(a)(3).

Dated: June 14, 2018             s/Bernard A. Friedman
Detroit, Michigan            BERNARD A. FRIEDMAN
           SENIOR UNITED STATES DISTRICT JUDGE

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 14, 2018.

                                        s/Johnetta M. Curry-Williams
                                        Case Manager